IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND WESLEY CRAWFORD, SHONTELLE HOLSOME CRAWFORD, and PRECIOUS RECHELLE LEWIS,<br><br>    Plaintiffs,<br><br>vs.<br><br>KERN COUNTY COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES, DONALD CARTER, KERN HIGH SCHOOL DISTRICT, SUPERINTENDANT, and DEAN MCGREE, KERN HIGH SCHOOL DISTRICT, WEST HIGH SCHOOL PRINCIPAL,<br><br>    Defendants. | Case No. 1:10-cv-00425-OWW-JLT<br><br>ORDER REQUIRING PLAINTIFFS TO FILE AMENDED AFFIDAVITS SUPPORTING THEIR REQUESTS TO PROCEED IN FORMA PAUPERIS<br>(Docs. 2,3,4) |

    Plaintiffs are proceeding pro se with a civil rights action pursuant to 42 U.S.C. §§ 1343 and 1983. On March 10, 2010, Plaintiffs each filed applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc # 2, 3 and 4). However, each application is incomplete and insufficient for several reasons.

    First, in the application filed by Plaintiff Wesley Crawford, he has reported monthly income in excess of $3,500 a month. (Doc. 2). Likewise, Plaintiff Shontelle Crawford lists a

1  total income in excess of $ 3,000 a month. (Doc. 4). In each application, Wesley Crawford and
2  Shontelle Crawford list $504 in monthly social security benefits and $2,570 a month in income
3  characterized as a "stipend" from the Kern Regional Center to assist in taking care of a mentally
4  and physically challenged 20-year old son.[1] Neither application clearly explains whether this is
5  income they receive jointly as a married couple or if some or all of the income is, in fact, separate
6  income from the other. Moreover, assuming that this amount(s) is a "stipend" that is paid to each
7  of them, one of them or both of them (as opposed to a monetary benefit paid to or on behalf of
8  their son), they fail to explain why their son does not receive any government benefit for his
9  condition.[2]

10      In addition, both of the Crawford spouses list the same dependents (2 sons and 1
11 daughter). Impliedly, each child is over 18 years of age because the instruction requires the
12 applicant to use initials if the dependents are younger than this age. Assuming they are all adults,
13 both applications should explain why these children are still dependent upon them. Also, both
14 applications claim that each applicant provides 100% of the support for these children although,
15 clearly, this makes no logical sense. The children may be fully dependent on the spouses which
16 would mean that each parent is 50% responsible for each child's care. However, these
17 ambiguities must be explained, especially in light of the fact they each have listed a rather large
18 income which raises questions as to whether they qualify for *in forma pauperis* status. For all
19 these reasons, the applications of Plaintiffs Wesley Crawford and Shontelle Crawford are
20 incomplete.

21      The Court also notes that Plaintiff Precious Lewis has listed no income of any kind.
22 (Doc. 3). Although she claims no income whatsoever, she lists two sons as fully dependent upon
23 her for their financial support. Ms. Lewis fails to explain how she provides the full financial

---

[1] Plaintiff Wesley Crawford also lists an income of $500 per month for work at Rucker's Mortuary. (Doc. 2).

[2] In addition, the Court is concerned that when the Crawford spouses filed motions to proceed *in forma pauperis* on February 11, 2010 in case number 1:10-cv-00228-JLT, the applications, filed under penalty of perjury, failed to identify that this was income belonging to the parents.

support for herself and these two children without having *any* source of income.[3] If she is receiving government assistance or income from any source, including a spouse or otherwise, she must identify this income source. If she persists in claiming that she has absolutely no source of financial support, she must explain how she provides sustenance for herself and her dependent sons. In addition, she has failed to indicate in her application whether she has assets of any kind and she has failed list any monthly expenses and/or debts. Because her application fails to address these issues, it is incomplete.

Accordingly, each Plaintiff is directed to file, within ten days of this order, a complete application, signed under penalty or perjury, correcting the deficiencies and ambiguities outlined in this order. The Court will then resume consideration of each Plaintiff's respective application to proceed *in forma pauperis*. Plaintiffs are admonished that failure to comply with this order may result in denial of their motions to proceed *in forma pauperis*.

IT IS SO ORDERED.

Dated:  **March 31, 2010**                           **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE

---

[3] Once again, it appears that these children are adults given that she provides their full names rather than initials, which would be required for any child under 18 years of age. As adults, she should explain why she continues to provide for their full financial support.