IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVEREND WESLEY CRAWFORD, SHONTELLE HOLSOME CRAWFORD, and PRECIOUS RECHELLE LEWIS,<br><br>Plaintiffs,<br><br>vs.<br><br>KERN COUNTY COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES, DONALD CARTER, KERN HIGH SCHOOL DISTRICT, SUPERINTENDANT, and DEAN MCGREE, KERN HIGH SCHOOL DISTRICT, WEST HIGH SCHOOL PRINCIPAL,<br><br>Defendants. | Case No. 1:10-cv-00425 OWW JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION<br><br>(Doc. 1) |

**I.   BACKGROUND**

Plaintiffs are proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On May 12, 2010, the Magistrate Judge recommended that the motions to proceed in forma pauperis ("IFP") be denied because the Crawford Plaintiffs income made them ineligible for IFP status and because Ms. Lewis failed to provide sufficient information to determine her IFP motion.  (Doc. 10)

In addition, the Magistrate Judge screened the complaint and recommended that it be

dismissed with leave to amend for several reasons.  (Doc. 10) First, the complaint sought to raise class-related claims and Plaintiffs' sought to represent their children in the action despite that they were not attorneys. Moreover, the complaint failed to allege sufficient facts to demonstrate that they had suffered discriminatory action and because the complaint was vague and ambiguous as to the identity of the defendants and the exact claims that Plaintiffs were making.

On June 21, 2010, the Court adopted the findings and recommendations.  The Court denied the Crawford Plaintiffs' motions to proceed IFP and denied Ms. Lewis's IFP motion but granted her leave to file an amended IFP motion. The Court dismissed the complaint with 30 days leave to amend.  In the Order the Court warned, "Plaintiffs ARE INFORMED that failure to comply with the provisions of this order will result in the dismissal or termination of this action." (Doc. 11 at 3).  Nevertheless, Plaintiffs have not filed an amended complaint, Ms. Lewis has not filed an amended IFP motion and no plaintiff has paid the filing fee.

**II.    DISCUSSION**

Plaintiffs were required to file their First Amended Complaint motion by July 26, 2010. Nevertheless, Plaintiffs have failed to respond in any fashion to the Court's June 21, 2010 Order.

Local Rule 110 provides that "[f]ailure of counsel or a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of the case." Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986).  The Court may dismiss an action with prejudice if the party fails to prosecute an action, fails to obey a court order or fails to comply with the Local Rules.  See e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiff to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128,

130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order or for failure to comply with local rules, the Court must consider several factors, including, "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); Ghazali, 46 F.3d at 53. "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Valley Engineers Inc. v. Electrical Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). Applying these principles, the Magistrate Judge recommends that this action be dismissed for Plaintiffs' failure to prosecute and follow the Order of the Court.

The Court notes that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642; Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Likewise, the Court cannot manage its docket if it maintains cases in which plaintiffs fail to litigate their cases. The Court's limited resources must be spent on cases in which the litigants are actually proceeding. Here, this case has been pending for more than four months and it cannot proceed until a first amended complaint is filed and the fee paid or excused. Thus, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.

Although the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal" (Pagtalunan, 291 F.3d at 642; Yourish, 191 F.3d at 991), this case has been pending for more than four months and it cannot proceed absent Plaintiffs' compliance with the Court's order, most notably, filing a first amended complaint. Given these failures, injury may

1  be presumed arise from this unreasonable delay in prosecuting the action.  Anderson v. Air West,
2  542 F.2d 522, 524 (9th Cir. 1974).
3       Additionally, the Court's Order requiring Plaintiffs to file a first amended complaint and
4  to pay the filing fee or for Mr. Lewis file a completed IFP application, satisfies the "consideration
5  of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson,
6  779 F.2d at 1424.  The Order expressly stated that the failure to comply would result dismissal or
7  termination of the action.  Thus, Plaintiffs received adequate warning that dismissal would result
8  from noncompliance with the Court's order.  Finally, the public policy favoring disposition of
9  cases on their merits, is greatly outweighed by the factors in favor of dismissal.

## RECOMMENDATION

11       Accordingly, the Magistrate Judge recommends that the matter be DISMISSED, with
12  prejudice, for  failure to comply with the Court's order to file a new application to proceed in
13  forma pauperis or, alternatively, pay the filing fee and to file a first amended complaint.
14       These Findings and Recommendations are submitted to the United States District Judge
15  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the
16  Local Rules of Practice for the United States District Court, Eastern District of California.
17  Within 14 days after being served with a copy, Plaintiff may file written objections with the
18  Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
19  Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant
20  to 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time may waive the
21  right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  IT IS SO ORDERED.
24  Dated:  **July 28, 2010**                                  **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE